UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| C. DOUGLAS THOMAS, | ) |
| | ) |
|    Plaintiff | ) |
| | ) C. A. No. 07CV01514(ESH) |
|    V. | ) |
| | ) |
| BOARD OF TRUSTEES OF THE | ) |
| UNIVERSITY OF THE DISTRICT OF | ) |
| COLUMBIA, et al. | ) |
| | ) |
|    Defendants. | ) |

MOTION OF THE BOARD OF TRUSTEES OF UNIVERSITY
OF THE DISTRICT OF COLUMBIA TO DISMISS THE COMPLAINT[1]

    The Board of Trustees of the District of Columbia, by and through counsel, respectfully moves pursuant to FRCP, Rule 12 (b)(1) and (6)to dismiss the complaint because the Board of Trustees of the University of the District of Columbia is an arm of the Government of the District of Columbia and is not subject to diversity jurisdiction pursuant to 28 USC Section 1332.

                      Respectfully submitted,

                       LINDA SINGER
                       Attorney General for the
                       District of Columbia

                       GEORGE  C. VALENTINE
                       Deputy Attorney General,
                       Civil Litigation Division

---

[1] By Order dated November 9, 2007, the Court substituted the Board of Trustees of the University of the District of Columbia for the University of the District of Columbia as a defendant in this action.

      Kimberly M. Johnson
_____
KIMBERLY M. JOHNSON ( 435163)
Chief, General Litigation Section II

.
Melvin W. Bolden, Jr.
_____
MELVIN W. BOLDEN, Jr. (192179)
Assistant Attorney General
441 Fourth Street, N.W,   Sixth Floor
Washington, D.C. 20001
(202) 724- 5695
(202) 727- 3625 (fax)

## Certificate of Service

    I hereby certify that a copy of the foregoing was mailed postage prepaid to C. Douglas Thomas 115 Farwood Drive, Moreland Hills, Ohio 44022 this 26th day of November, 2007.

      Melvin W. Bolden, Jr.
_____
Melvin W. Bolden, Jr.
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| C. DOUGLAS THOMAS, | ) |
| | ) |
|    Plaintiff | ) |
| | ) C. A. No. 07CV01514(ESH) |
|    V. | ) |
| | ) |
| BOARD OF TRUSTEES OF THE | ) |
| UNIVERSITY OF THE DISTRICT OF | ) |
| COLUMBIA, et al. | ) |
| | ) |
|    Defendants. | ) |

<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION OF THE BOARD OF TRUSTEES OF THE UNIVERSITY OF
THE DISTRICT OF COLUMBIA TO DISMISS THE COMPLAINT</u>

<u>Preliminary Statement</u>

The Board of Trustees of the University of the District of Columbia (hereinafter the "Board"), by and through counsel, respectfully moves to dismiss the Complaint because the Board is an arm of the Government of the District of Columbia and is not subject to diversity jurisdiction pursuant to 28 USC Section1332. By Order dated November 9, 2007, the Court substituted the Board of Trustees of the University of the District of Columbia for the University of the District of Columbia as a defendant in this action.[2]

Pursuant to 28 USC Section1332, plaintiff has filed a complaint for

---

[2] The caption to the complaint also names the American Bar Association as a party defendant.

declaratory judgment, injunctive and equitable relief, negligence, misrepresentation and damages. The complaint asserts that plaintiff is a citizen of the State of Ohio and the defendant (the Board) is a corporation organized and existing under the laws of the District of Columbia having operated within the District since 1974.  See, paragraph numbered 1 of the Complaint. In addition, the complaint asserts that the "matter in controversy exceeds, exclusive of interest and costs, the sum specified in 28 USC Section 1332. See, paragraph numbered 2 of the Complaint.

     Specifically, the complaint alleges that in October, 2006, plaintiff applied to the David A. Clarke School of Law of the University of the District of Columbia as a transfer student from the University of Akron which plaintiff last attended in thirty four years earlier. The Complaint asserts that plaintiff was advised that due to the length of time since his last attendance at a previous law school, that to be considered for the class starting in August, 2007, plaintiff would have to apply as a new student.  See, paragraphs numbered 3, 4, 5 of the Complaint. The complaint alleges further that defendant failed to process his application in violation of the rules of the American Bar Association. Thus, the Complaint alleges that plaintiff is entitled to injunctive, equitable relief requiring defendant to admit plaintiff into the School of Law. Plaintiff further seeks compensatory and punitive damages for defendant's alleged negligence and misrepresentation of the requirements for admission to the law school. See, paragraphs numbered 15-19 and 20-21 of the Complaint.

<u>The Board of Trustees of the District of Columbia</u>

<u>Is an Alter Ego or Arm of the District of Columbia.<br>
Thus, it is Not Subject to Diversity Jurisdiction</u>

Plaintiff offers no ground for diversity jurisdiction under 28 U.S.C. Section 1332.

28 U.S.C. 1332 provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds or value of $50,000, exclusive of interests and costs, and is between-
>
> (1) citizens of different states
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties: and
> (4) a foreign state, defined in section 1803(a) of this title, as plaintiff and citizens of a State or different.

Even though plaintiff is suing the Board of Trustees, a municipal corporate body that is amenable to suit in its own name, there is no diversity of citizenship. The Board of Trustees is an arm of the District of Columbia government. Consequently, the District of Columbia is the real party in interest. .See, <u>Krieger v. Trane Co</u>. 765 F. Supp. 756,761 (DDC 1991), .<u>Howerton v Charles Ogletree</u> 466 F.Supp.2d 182 (DDC 2006). The District of Columbia is not considered to be a State for the purposes of 28 U.S.C Section 1332 and is not a citizen of itself.

As set forth in <u>Long v. District of Columbia,</u> 820 F2d. 409, 412-413 (D.C. Cir. 1987):

> The Supreme Court has long held that states are not subject to jurisdiction under this provision. In Postal Telegraph Cable Co. v Alabama, 155 U.S. 482, 15 S.Ct.192 (1984), the Supreme Court wrote" A State is not a citizen…[ Therefore,} a suit between a State and a citizen or corporation of another state is not between citizens of different states[,]and… the Circuit Court of the United States has

>no jurisdiction of it, unless it arises under the Constitution, law or treaties of the United States.

For the reasons set forth hereinbefore, this complaint must be dismissed because this law suit is not between "citizens of different states". Thus diversity jurisdiction does not exist under 28 U.S.C 1332.

>Respectfully submitted,
>
>LINDA SINGER
>Attorney General for the
>District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General,
>Civil Litigation Division
>
>Kimberly M. Johnson
>_____
>KIMBERLY M. JOHNSON ( 435163)
>Chief, General Litigation Section II
>
>.
>Melvin W. Bolden, Jr.
>_____
>MELVIN W. BOLDEN, Jr. (192179)
>Assistant Attorney General
>441 Fourth Street, N.W, Sixth Floor
>Washington, D.C. 20001
>(202) 724- 5695
>(202) 727- 3625 (fax)

.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| C. DOUGLAS THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil No. 1: 07CV01514 (ESH) |
| | ) |
| BOARD OF TRUSTEES OF THE | ) |
| UNIVERSITY OF THE DISTRICT | ) |
| OF COLUMBIA , *et al.* | ) |
| | ) |
| Defendants. | ) |

ORDER

Upon consideration of the Motion of the Board of Trustees of the University of the District of Columbia to Dismiss the Complaint, plaintiff's response thereto, and the record herein, it is by the Court, this ___day of November, 2007

ORDERED: that the Motion of the Board of Trustees of the University of the District of Columbia to Dismiss the Complaint be, and hereby is GRANTED; and it is,

FURTHER ORDERED: that the this complaint must be dismissed because this law suit is not between "citizens of different states". Thus diversity jurisdiction does not exist under 28 U.S.1332.

_____
ELLEN S. HUEVELLE
United States District Judge