UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| C. DOUGLAS THOMAS, | ) |
| | ) |
| Plaintiff | ) |
| | ) C. A. No. 07CV01514(ESH) |
| V. | ) |
| | ) |
| BOARD OF TRUSTEES OF THE | ) |
| UNIVERSITY OF THE DISTRICT OF | ) |
| COLUMBIA, et al. | ) |
| | ) |
| Defendants. | ) |

OPPOSITION OF THE BOARD OF TRUSTEES OF THE UNIVERSITY
OF THE DISTRICT OF COLUMBIA TO MOTION TO
SUBSTITUTE REAL PARTY IN INTEREST

The Board of Trustees of the District of Columbia, (hereinafter the "Board"), by and through counsel, respectfully opposes plaintiff's Motion to Substitute Real Party in Interest. Plaintiff's motion purportedly seeks to substitute Katherine S. Broderick, Dean of the University of the District of Columbia School of Law and Vivian W. Canty, Assistant Dean of Admissions, University of the District of Columbia School of Law. Neither Dean Broderick nor Assistant Dean Canty have been served with the complaint. In addition, there are no allegations in the complaint that pertain to them.[1]

Plaintiff's complaint seeks a declaratory judgment, injunctive and equitable relief, and damages because of common law torts filed against the Board. The complaint asserts that plaintiff is a citizen of the State of Ohio and the defendant (the Board) is a corporation organized and existing under the laws of the District of Columbia having operated within the District since 1974. See, paragraph numbered 1 of the Complaint. In

---

[1] Neither Dean Broderick nor Assistant Dean Canty have requested representation in this matter because they have not been served with a complaint containing allegations against them.

addition, the complaint asserts that the "matter in controversy exceeds, exclusive of interest and costs, the sum specified in 28 USC Section 1332. <u>See</u>, paragraph numbered 2 of the Complaint.

In November 26, 2007, the Board moved to dismiss the Complaint because the it is an arm of the Government of the District of Columbia and is not subject to diversity jurisdiction pursuant to 28 USC Section1332. In a filing dated January 15, 2008, Plaintiff did not oppose defendant's motion to dismiss. He appears to concede that diversity of citizenship jurisdiction does not exist as to the Board. The Board's motion to dismiss should be granted. Moreover, the jurisdictional defect cannot be cured through plaintiff's request to substitute Dean Broderick and Assistant Dean Canty because they are not parties to this case and the complaint herein contains no allegations against them whatsoever.

<u>ARGUMENT</u>

<u>The Motion to Substitute Dean Broderick and
Assistant Dean Canty Should be Denied</u>

Plaintiff has moved the Court pursuant to Federal Rules of Civil Procedure, Rule 17 (b) to substitute (for the Board of Trustees of the University of the District of Columbia) defendants Katherine S. Broderick, Dean of the University of the District of Columbia School of Law and Vivian W. Canty, Assistant Dean of Admissions, University of the District of Columbia School of Law. Rule 17 (b) comes under the heading Capacity to Sue or Be Sued and explains a litigant's personal qualifications to come into court to assert a claim or defense. Rule 17(b) does not authorize the court to substitute Dean Broderick and Assistant Dean Canty to be substituted for the Board of

2

Trustees of the University of the District of Columbia in this case. Moreover, plaintiff's memorandum offers no other authority to support his motion to substitute.

As indicated hereinbefore, Plaintiff's complaint seeks a declaratory judgment, injunctive and equitable relief, and damages because of common law torts against the Board of Trustees of the UDC. The complaint does not name Dean Broderick or Assistant Dean Canty nor does the complaint contain allegations against either of them. In addition, neither has been served with process nor has either appeared in this action. Plaintiff cannot cure the diversity of jurisdiction defect by merely substituting Dean Broderick and Assistant Dean Canty. No one knows if this Court has jurisdiction because plaintiff has not filed paperwork that asserts it. Plaintiff must submit pleadings which comport with the Federal Rules and with fundamental due process of law.

## CONCLUSION

Based on the foregoing, this defendant respectfully request that plaintiff's Motion to Substitute Real Party in Interest be denied..

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

Kimberly M. Johnson
_____
KIMBERLY M. JOHNSON ( 435163)
Chief, General Litigation Section II

.

Melvin W. Bolden, Jr.

————————————————

MELVIN W. BOLDEN, Jr. (192179)
Assistant Attorney General
441 Fourth Street, N.W,   Sixth Floor
Washington, D.C. 20001
 (202) 724- 5695
 (202) 727- 3625 (fax)

Certificate of Service

I hereby certify that a copy of the foregoing was served electronically and mailed postage prepaid to C. Douglas Thomas 115 Farwood Drive, Moreland Hills, Ohio 44022 this 13th day of February, 2008.

Melvin W. Bolden, Jr.

————————————————

Melvin W. Bolden, Jr.
Assistant Attorney General